(9 App. Div. 529.)

## McGUIRE v. THIRD AVE. R. CO.

(Supreme Court, Appellate Division, First Department. November 6, 1896.)

STREET RAILROADS—INJURIES TO PERSONS ON TRACK—EVIDENCE.
  Negligence and contributory negligence are questions for the jury where it appeared that plaintiff's intestate, who was killed while attempting to cross defendant's street-car track, looked both ways before going on the track, and waited for an approaching car to pass; that he went on the track without noticing a car coming from the opposite direction, because his view was obstructed by a wagon; that the car, which slackened its speed on account of the wagon, suddenly started when the wagon passed; and that deceased hesitated, and then jumped back, but without avoiding the car.

Appeal from trial term, New York county.

Action by Michael McGuire, as administrator of Michael McGuire, Jr., deceased, against the Third Avenue Railroad Company, to recover damages for the death of plaintiff's intestate. From a

judgment for $1,000, and $254.65 costs,. entered on a verdict in favor of plaintiff, and from an order denying a motion for new trial, defendant appeals.   Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

W. N. Cohen, for appellant.

R. P. Harlow, for respondent.

PER CURIAM.   Upon a careful review of the evidence, we are of opinion that this case was properly submitted to the jury.   We cannot find, as matter of law, that the deceased was guilty of contributory negligence.   Nor can it be said that there was no evidence of negligence on the defendant's part.   The situation was a peculiar one.   The deceased had exhibited unusual prudence in his preliminary movements.   He looked carefully about him, and up and down, before attempting to cross the avenue.   He saw the car going up-town, and he stopped and waited for it to pass.   He then proceeded. But his progress and view were obstructed by a brewery wagon, which passed between him and the car coming down town.   This downtown car slowed up to let the brewery wagon pass.   As it passed, the gripman started the car up suddenly.   The deceased then found himself in a critical position.   He was undoubtedly startled, and thrown somewhat off his balance, by the sudden and precipitate start of the cable car.   He hesitated, and jumped back. But it was too late, and he was struck by the rapidly advancing car.   Whether the deceased saw this car at the moment he attempted to cross, or should have seen it; whether the attempt to cross just as the brewery wagon got out of the way was a mere error of judgment, or a piece of foolhardiness; whether it was even an error of judgment,—were all questions of fact proper for the consideration of the jury.   So as to the conduct of the gripman.   Whether he saw or should have seen the deceased in time to prevent the accident, and whether he caused an undue or violent propulsion of his car at the critical moment, were questions fairly for the jury.   It is, upon the whole, impossible to sustain the defendant's contention that there was neither evidence of the deceased's freedom from contributory negligence nor circumstances from which such freedom could be inferred.   It is equally impossible to sustain the contention that there was absolutely no evidence from which the gripman's negligence could properly be found or inferred.   There are no exceptions of any importance,—none which call for consideration.

The judgment should be affirmed, with costs.